98 F.3d 1342
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marion P. BOMAR, Defendant-Appellant.
 No. 95-6500.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1996.
 
 1
 Before: SUHRHEINRICH and MOORE, Circuit Judges; MCKINLEY, District Judge.*
 
 ORDER
 
 2
 Marion P. Bomar appeals a district court order granting in part and denying in part his motion to dismiss his criminal indictment. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1995, a grand jury issued an indictment against Bomar containing the following eight counts: 1) conspiracy to possess with intent to distribute and distribution of anabolic steroids, phentermine and diazepam in violation of 21 U.S.C. § 846; 2) aiding and abetting the possession with intent to distribute and distribution of steroids in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on June 13, 1994; 3) possession with intent to distribute steroids in violation of 21 U.S.C. § 841(a)(1) on June 13, 1994; 4) possession with intent to distribute diazepam and phentermine in violation of 21 U.S.C. § 841(a)(1) on June 13, 1994; 5) aiding and abetting the possession with intent to distribute steroids in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on June 14, 1994; 6) aiding and abetting the possession with intent to distribute steroids in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on June 14, 1994; 7) aiding and abetting the possession with intent to distribute phentermine and diazepam in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 on June 14, 1994; and 8) a forfeiture count seeking $69,000 as proceeds of drug trafficking in violation of 21 U.S.C. § 841(a)(1). Bomar subsequently moved for the dismissal of the indictment on double jeopardy grounds because he had previously been subjected to a civil forfeiture. The district court granted Bomar's motion in part and dismissed count two of the indictment, but the court refused to dismiss the remaining seven counts and denied the remainder of the motion. The district court subsequently denied Bomar's motion for reconsideration. Bomar filed a timely appeal from this order.
 
 
 4
 Upon review, we conclude that the district court properly denied Bomar's motion to dismiss the indictment. This court gives de novo review to the district court's denial of a motion to dismiss an indictment on double jeopardy grounds. In re Ford, 987 F.2d 334, 339 (6th Cir.), cert. denied, 506 U.S. 862 (1992).
 
 
 5
 Bomar's argument that his indictment violated the Double Jeopardy Clause is without merit. In 1994, agents of the Drug Enforcement Agency made a controlled delivery of a package containing steroids to the office of Bomar, a veterinarian. Bomar allegedly trafficked the steroids to another individual later that day in exchange for $2,200. A search of Bomar's office revealed a key to a safe deposit box, which contained $4,890. The Department of Justice subsequently forfeited this currency. Bomar argues that he is now being punished twice in violation of the Double Jeopardy Clause because the prior civil forfeiture of his property constituted punishment for the same offense. While the Double Jeopardy Clause protects against multiple punishments for the same offense, Witte v. United States, 115 S.Ct. 2199, 2204 (1995), a prior civil forfeiture does not constitute punishment for double jeopardy purposes. United States v. Ursery, 116 S.Ct. 2135, 2142-48 (1996). Consequently, Bomar's pending indictment does not potentially impose multiple punishments against him in violation of the Double Jeopardy Clause.
 
 
 6
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation